## WHITE vs. MORSE.

*Twelfth Judicial District Court, October, 1857.*

### LETTERS TESTAMENTARY, AS EVIDENCE.

Letters testamentary are *prima facie* evidence of the decease of the party to whose estate they refer, and that he died within the proper county to give the court jurisdiction.

On motion for a new trial. The necessary facts are set forth in the opinion.

W. W. Crane, for plaintiff.

J. P. Treadwell, for defendant.

NORTON, J.—This action is brought against the defendant, Morse, by the executor of the estate of one O. B. White, deceased. On trial the letters testamentary were introduced, but there was no evidence, either of the death of the party, or that his decease occurred in this county. The introduction of proof upon this latter point I held at the time to be essential to the plaintiff's case, in order to show that the court had jurisdiction ; and in the absence of any evidence upon this point, plaintiff was non-suited. An examination of the authorities has, however, shown that the contrary seems to be the well established doctrine, and that the letters testamentary are, of themselves, *prima facie* evidence of the requisite jurisdiction, which, in the absence of proof to the contrary, must be held to be conclusive. This ruling also appears to me to be the more reasonable and proper one of the two.

The papers were in this case introduced by the defendant himself, to show the fact that the bond had never been approved, because no approval is endorsed on the bond. But I do not think that this countervails the presumption arising from the issuing of the letters, if indeed it is a matter going to the jurisdiction at all.

New trial granted.